IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| Virgil Harris, <br><br> Plaintiff, <br><br> vs. <br><br> P&B Capital Group, LLC, <br><br> Defendant. | Case No.: <br><br><br> **COMPLAINT** <br><br><br> **JURY TRIAL DEMAND** |

### COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES THE PLAINTIFF, VIRGIL HARRIS, BY AND THROUGH COUNSEL, Mahira Q. Khan, Esq. and for his Complaint against the Defendant, pleads as follows:

### NATURE OF THE ACTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## JURISDICTION AND VENUE

2. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k.

3. Venue is proper in the Middle District of Florida as the Defendant P&B Capital Group, LLC ("Defendant") conducts business in the State of Florida.

## PARTIES

4. Plaintiff is a natural person residing in the city of Lakeland, Polk County, Florida.

5. The Defendant to this lawsuit is P&B Capital Group, LLC ("Defendant") which is a foreign limited liability company that conducts business in the state of Florida.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer-type debt allegedly owed by Plaintiff to Tampa Furniture Outlet in the amount of $2,265.00 (the alleged "Debt").

7. Plaintiff disputes the alleged Debt.

8. On February 9, 2023, Plaintiff obtained his TransUnion credit report and noticed Defendant reporting the alleged debt as a collection item.

9. On or about February 21, 2023, Plaintiff sent Defendant a letter disputing the reporting collection item.

10. On March 15, 2023, Plaintiff obtained his TransUnion credit disclosure, which showed Defendant last reported the collection item reflected by TransUnion on March 7, 2023, and failed or refused to flag them as disputed, in violation of the FDCPA.

11. In the credit reporting industry, data furnishers, such as the Defendant, communicate electronically with the credit bureaus.

12. Defendant had more than ample time to instruct TransUnion to flag its collection item as Disputed.

13. Defendant's inaction to have its collection item on Plaintiff's credit report flagged as disputed was either negligent or willful.

14. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. Because Defendant failed or refused to flag its collection item as disputed, Plaintiff suffered stress, anxiety, depression, nervousness, frustration, crying spells due along with loss of sleep, weight loss and nail biting. His credit report continues to be damaged due to the Defendant's failure to properly report the associated collection item.

## VIOLATION OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates the preceding allegations by reference.

16. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debt on behalf of other individuals or entities.

17. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue, in this case, is a consumer debt.

18. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6). Defendant's foregoing acts in attempting to collect this alleged debt violated the FDCPA at 15 U.S.C. §1692e by reporting credit information which is known to be false, including failure to communicate that a disputed debt is disputed.

19. Plaintiff has suffered harm and damages at the hands of the Defendant as this harm was one that was specifically identified and intended to be protected against on behalf of a consumer, such as the Plaintiff, by Congress.

20. Defendant's failure to flag its collection items on Plaintiff's consumer credit files is humiliating and embarrassing to the Plaintiff as it creates a false impression to users of his credit report that he has simply ignored this debt when, in fact, he disputes its validity. Again, the Defendant's failure or refusal to flag it as disputed depresses the Plaintiff's credit score.

21. To date, and as a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has suffered

from stress causing anxiety, depression, nervousness, anger, embarrassment, and frustration. Additionally, Plaintiff has continued to suffer from a degraded credit report and credit score.

22. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

### DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the Defendant:

a. Actual damages;

b. Statutory damages;

c. Statutory costs and attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: May 4, 2023

By: /s/ Mahira Q. Khan
Mahira Q. Khan
Bar Number 109501
360 W Bedford Avenue, Suite 105
Fresno, CA 93711

Telephone: (559) 696-2060
Facsimile: (248) 353-4840
E-Mail:mahiraqasimkhan@gmail.com
*Attorney(s) for Plaintiff,*
*Virgil Harris*